UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC ADERHOLD, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CAR2GO N.A. LLC,<br><br>Defendant. | Case No. 2:13-cv-489<br><br>**COMPLAINT—CLASS ACTION**<br><br><u>JURY DEMAND</u> |

Plaintiff ERIC ADERHOLD (herein "Representative Plaintiff" or "ADERHOLD"), on his own behalf and on behalf of all other similarly situated persons (herein collectively "Plaintiffs"), by and through his counsel, bring this complaint against Defendant CAR2GO N.A. LLC (herein "Defendant" or "CAR2GO") to obtain all injunctive relief, declaratory relief, damages, pre-judgment interest, attorney fees, costs, and other remedies which Plaintiffs are entitled to recover under law and equity.

**I. JURISDICTION AND VENUE**

1. This action asserts claims arising under federal law, including the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Pursuant to 28 U.S.C. § 1367(a), this Court has original jurisdiction over the federal claims alleged in this complaint.

COMPLAINT
Page 1

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

3. This action asserts claims under the laws of Washington, including claims arising from violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.010, *et seq.*, and the Consumer Protection Act ("CPA"), RCW 19.86.10, *et seq.*

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged in this complaint.

5. CAR2GO is a citizen of a state different from at least one of the Plaintiffs.

6. Each class of Plaintiffs includes over one hundred persons.

7. The total amount put in controversy by this complaint exceeds five million dollars.

8. Pursuant to 28 U.S.C. § 1332(d), this Court has original jurisdiction over the claims alleged in this complaint.

9. ADERHOLD is a resident of King County in Washington.

10. CAR2GO does substantial business in King County in Washington.

11. Many of the wrongful acts and omissions referenced in this complaint occurred, were initiated, were furthered, or were given assistance in King County in Washington.

12. Property that was injured, burdened, or otherwise affected by wrongful conduct referenced in this complaint is located in King County in Washington.

13. Venue is proper in the United States District Court for the Western District of Washington in Seattle pursuant to 28 U.S.C. § 1391(b) and Local Rules W.D.Wash. LCR 3(d)(1).

## II. THE DEFENDANT

14. CAR2GO has done business in the United States since about 2010.

15. CAR2GO operates in at least six cities in the United States.

16. CAR2GO does not have a positive net operating income for its business operations in the United States.

17. CAR2GO does not make a net profit from its business operations in the United States.

COMPLAINT
Page 2

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

18. CAR2GO is not sufficiently capitalized to sustain its business operations and pay for all of its liabilities.

19. CAR2GO is the brand of another person.

20. CAR2GO is the alter ego of another person.

21. CAR2GO is the agent of another person.

22. Discovery is necessary to ascertain and confirm the true identity of the person(s) for whom CAR2GO is a brand, alter ego, and/or agent.

23. CAR2GO leases automobiles to consumers in those cities in which it operates.

24. CAR2GO sells car-sharing services to consumers in those cities in which it operates.

25. CAR2GO has operated in Austin, Texas since about May 2010.

26. CAR2GO has a fleet of hundreds of automobiles with which it does business in Austin, Texas.

27. CAR2GO has operated in San Diego, California since about November 2011.

28. CAR2GO has a fleet of hundreds of automobiles with which it does business in San Diego, California.

29. CAR2GO has operated in Washington, D.C. since about March 2012.

30. CAR2GO has a fleet of hundreds of automobiles with which it does business in Washington, D.C.

31. CAR2GO has operated in Portland, Oregon since about March 2012.

32. CAR2GO has a fleet of hundreds of automobiles with which it does business in Portland, Oregon.

33. CAR2GO has operated in Miami, Florida since about July 2012.

34. CAR2GO has a fleet of hundreds of automobiles with which it does business in Miami, Florida.

35. CAR2GO has operated in Seattle, Washington since about December 2012.

COMPLAINT
Page 3

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

36. CAR2GO has a fleet of hundreds of automobiles with which it does business in Seattle, Washington

37. CAR2GO plans to expand its operations to other cities within the United States.

38. CAR2GO plans to expand its operations in cities in which it already does business in the United States.

39. As CAR2GO presently is organized to do business, CAR2GO could not continue to expand its operations in the United States if it were not a brand, alter ego, or agent of another person.

### III. GENERAL ALLEGATIONS

40. CAR2GO has a website at www.car2go.com.

41. All persons who reside in the United States potentially can access CAR2GO's website at www.car2go.com.

42. Potential customers of CAR2GO include persons who reside in the United States that have a mailing address, a driver's license issued in the United States, a cellular telephone number, and an email address.

43. All persons who reside in Washington potentially can access CAR2GO's website at www.car2go.com.

44. Potential customers of CAR2GO include persons who reside in Washington that have a mailing address, a driver's license issues in the United States, a cellular telephone number, and an email address.

45. CAR2GO encourages consumers who wish to become its customers to visit its website at www.car2go.com.

46. Consumers who visit CAR2GO's website are given the option to choose from among the cities in which CAR2GO does business.

47. After consumers select a city in the United States that is available at CAR2GO's website, the consumers are taken to CAR2GO's webpage for that city.

48. CAR2GO has webpages for each of the cities in which it conducts business.

COMPLAINT
Page 4

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

49. A webpage for CAR2GO's operations in Seattle, Washington can be found at www.car2go.com/en/seattle/.

50. CAR2GO only provides its car-sharing services to consumers who become members of CAR2GO.

51. CAR2GO only leases its automobiles to consumers who become members of CAR2GO.

52. CAR2GO directs consumers who wish to become CAR2GO members to select the option available at each of its city webpages to "Become a member".

53. At each of the webpages for the cities served by CAR2GO in the United States, CAR2GO conspicuously represents to consumers like ADERHOLD that the only cost they will incur to complete the membership application process will be a certain fee and applicable tax paid to CAR2GO.

54. Each of CAR2GO's webpages for cities in the United States has stated the following to consumers like ADERHOLD:

> Thank You for becoming a car2go member. We just want to remind you that a **One Time Registration Fee of $35.00** (plus tax) will be applied **UNLESS YOU HAVE A VALID PROMOTION CODE**. Expired promo codes will not be honored.

55. CAR2GO's representations about the limited, certain cost to complete the membership application process were incomplete, misleading, and false.

56. Until about March 3, 2013, CAR2GO conspicuously offered free memberships to consumers in Seattle like ADERHOLD.

57. Until about March 3, 2013, CAR2GO stated the following in bold text on its Seattle webpage:

> **For a limited time, use promo code SOUND to receive free registration and 30 minutes of drive time.**

58. CAR2GO's offers of free memberships to consumers in Washington were incomplete, misleading, and false.

COMPLAINT
Page 5

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

59. CAR2GO's deceptive misrepresentations obfuscated the fact that consumers would have to pay a cellular telephone service provider to receive text messages to complete the membership application process of CAR2GO.

60. After making such representations and/or offers, CAR2GO's website directs consumers to confirm their location and enter their personal data to complete the membership application process.

61. CAR2GO requires consumers to provide it with certain personal data to complete CAR2GO's website membership application process in the United States.

62. Personal data which CAR2GO requires consumers to provide to complete CAR2GO's website membership application process in the United States includes the following:

    a. The consumer's first name;

    b. The consumer's last name;

    c. The consumer's birthday and place of birth;

    d. The consumer's street address;

    e. The consumer's postal code and city;

    f. The consumer's country;

    g. The consumer's language;

    h. The consumer's private cellular telephone number; and

    i. The consumer's email address.

63. As an additional part the membership application process at CAR2GO's website, CAR2GO makes what it calls "Other mandatory disclosures". Describing this portion of the membership application process, CAR2GO's website states as follows:

> A copy of the car2go Terms and Conditions, Trip Process and Privacy Policy are available for your review via the links below. These documents will control your membership application and subsequent participation in the car2go trip process. You are required to review the content of each document as part of your application, and prior to any application being approved. Upon your review of these documents please confirm your receipt, review and understanding of each document and acknowledge your agreement and acceptance of same.

COMPLAINT
Page 6

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

64. None of these "Other mandatory disclosures" make clear or otherwise unmistakably state that consumers will be sent a text message automatically as part of CAR2GO's membership application process.

65. In fact, these "Other mandatory disclosures" deceptively obfuscate that CAR2GO automatically sends text messages as part of its website membership application process.

66. The only references in the "Other mandatory disclosures" which concern the transmission of text messages to consumers are in connection to some aspects of the CAR2GO trip process.

67. CAR2GO's website states that participation in CAR2GO's trip process occurs "subsequent" to CAR2GO's membership application process.

68. None of these "Other mandatory disclosures" make clear or otherwise unmistakably state that CAR2GO's representations of limited membership costs and offers of free membership were misleading or false.

69. CAR2GO's representations on its webpage and in its "Other mandatory disclosures" reasonably induce consumers to believe that they will not be sent any text message as part of the CAR2GO membership application process.

70. CAR2GO's website does not inform consumers in the United States that they will be sent a text message to complete the membership application process at CAR2GO's website.

71. Attached as *Exhibit 1* to this complaint is a screenshot copy of the "Become a member" portion of CAR2GO's webpage found in February 2013 at CAR2GO's website at www.car2go.com/en/seattle.

72. *Exhibit 1* provides a description by CAR2GO of the membership application process for consumers who wish to purchase CAR2GO's car-sharing services in Seattle, Washington.

73. *Exhibit 1* provides a description by CAR2GO of the membership application process for consumers who wish to lease a CAR2GO automobile in Seattle, Washington.

COMPLAINT
Page 7

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

74. Attached as *Exhibit 2* to this complaint is a copy of the CAR2GO Terms and Conditions document that is referenced as one of the "Other mandatory disclosures" in *Exhibit 1*.

75. The CAR2GO Terms and Conditions document mentions text messages only in its Section 5, which CAR2GO labels to be a section that relates to "**Reservation and Commencement of Trip Period**".

76. Attached as *Exhibit 3* to this complaint is a copy of the CAR2GO Trip Process document that is referenced as one of the "Other mandatory disclosures" in *Exhibit 1*.

77. The CAR2GO Trip Process document mentions text messages only in its Section IV, which CAR2GO labels to be a section that relates to "**MAKING A RESERVATION / ACCESSING VEHICLES**".

78. Attached as *Exhibit 4* to this complaint is a copy of the CAR2GO Privacy Policy document that is referenced as one of the "Other mandatory disclosures" in *Exhibit 1*.

79. The CAR2GO Privacy Policy document does not mention text messages.

80. Consumers who engage in CAR2GO's website membership application process are not given the opportunity to provide clear and unmistakably stated consent for CAR2GO to send them text messages as part of the membership application process.

81. After consumers at CAR2GO's webpage provide all required personal data and other required information, they are directed to click on a button-like link at the bottom of the webpage that states, "Become a member".

82. Immediately after clicking on the bottom "Become a member" button-like link, if the consumers have provided information required as part of the online membership application, the consumers automatically are sent an email with a link to activate their CAR2GO account.

83. Immediately after clicking on the bottom "Become a member" button-like link, if the consumers have provided information required as part of the online membership application, then the cellular telephone numbers of the consumers automatically are sent a text message.

84. These text messages are sent immediately after CAR2GO's website accepts the information provided by the consumers.

COMPLAINT
Page 8

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

85. These text messages are sent without any apparent human intervention.

86. These text messages are sent without any apparent opportunity for human intervention.

87. These text messages deliver an activation code which CAR2GO instructs consumers to enter into the emailed link for the purpose of completing the membership application process. These text messages also deliver a welcoming message from CAR2GO that encourages recipients to complete CAR2GO's membership application process.

88. These text messages serve commercial purposes for CAR2GO.

89. These text messages contain commercial messages from CAR2GO.

90. These text messages promote the sale of CAR2GO's car-sharing services.

91. These text messages promote the leasing of CAR2GO's automobiles.

92. CAR2GO is a profit-seeking business enterprise.

93. No human can manually transmit such text messages, be sure to include a unique activation code which integrates seamlessly with a simultaneously emailed link, and do all of this in immediate response to personal data provided by consumers in their membership application. At least, no human can do so in a reliable, economical manner that can support a profit-seeking business enterprise like CAR2GO.

94. CAR2GO necessarily used and still uses some manner of automated device or system of automated devices to transmit these text messages.

95. CAR2GO used and still uses an automated telephone dialing system ("ATDS"), as that term is defined by the TCPA, to transmit these text messages.

96. In December 2012, ADERHOLD visited CAR2GO's webpage for CAR2GO's operations in Seattle, Washington.

97. The membership application portion of CAR2GO's webpage visited by ADERHOLD was substantively similar to *Exhibit 1*.

98. When ADERHOLD visited CAR2GO's webpage for CAR2GO's operations in Seattle, CAR2GO represented and offered, as previously set forth herein, a CAR2GO

COMPLAINT
Page 9

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

membership free of any costs. Like numerous other consumers, ADERHOLD accepted this offer.

99. At this webpage, ADERHOLD completed and submitted a CAR2GO membership application.

100. Immediately after ADERHOLD clicked the "Become a member" button-like link on the webpage to submit his completed membership application, CAR2GO sent a text message to ADERHOLD's cellular telephone number.

101. This text message was sent to ADERHOLD without any apparent human intervention.

102. This text message was sent to ADERHOLD without any apparent opportunity for human intervention.

103. CAR2GO used its ATDS to send ADERHOLD this text message.

104. Immediately after ADERHOLD clicked the "Become a member" button-like link on the webpage to submit his application, ADERHOLD's cellular telephone indicated that he had received a text message. ADERHOLD received a text message on his cellular telephone. This text message was sent by CAR2GO.

105. The text message sent by CAR2GO to ADERHOLD stated, "Please enter your car2go activation code 145858 into the emailed link. We look forward to welcoming you to car2go!"

106. This text message served commercial purposes for CAR2GO.

107. This text message contained commercial messages from CAR2GO.

108. This text message promoted the sale of CAR2GO's car-sharing services.

109. This text message promoted the leasing of CAR2GO's automobiles.

110. The following are photographic images of this text message as it was received by ADERHOLD on his cellular telephone:

COMPLAINT
Page 10

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950



111. ADERHOLD received this text message at 8:27 a.m. on December 12, 2012.

112. Also at 8:27 a.m. on December 12, 2012, ADERHOLD received an email from CAR2GO with the link referenced in this text message.

113. ADERHOLD did not provide any consent of any kind for CAR2GO to send him this text message.

114. CAR2GO did not disclose that it would be using an ATDS to send him this text message.

115. ADERHOLD's receipt of this unsolicited text message surprised and annoyed ADERHOLD. Like other similarly situated persons who were sent such text messages, ADERHOLD was injured as a result of CAR2GO's transmission of the text message in ways including, but not limited to, the following: (a) Having to pay a cellular service provider to receive the unsolicited text message from CAR2GO; (b) Invasion of privacy; (c) Aggravation and annoyance from having to retrieve or administer the unsolicited text message on the cellular telephone which received the unsolicited text message; (d) Loss of use of the full capacities and

COMPLAINT
Page 11

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

capabilities, *e.g.*, electronic storage space, of the cellular telephone which received the unsolicited text message; (e) Loss of energy stored in the battery of the cellular telephone which received the unsolicited text message; and (f) Impairment, burden, and/or injury to the cellular telephone network upon which ADERHOLD and consumers like him rely.

116. ADERHOLD's cellular service provider charged ADERHOLD for his receipt of this text message.

117. Through February 2013, CAR2GO sent text messages to over ten thousand consumers in the United States as part of CAR2GO's membership application process.

118. Through February 2013, CAR2GO sent text messages to over five thousand consumers in Washington as part of CAR2GO's membership application process.

119. CAR2GO's systematic and automated transmission of so many unsolicited text messages burdened and otherwise injured the telecommunications infrastructure through which all text messages must pass. As a consequence, cellular service providers incurred avoidable costs which negatively impact the price that consumers like ADERHOLD pay for cellular telephone services.

120. Consumers like ADERHOLD have no effective means to avoid receiving unsolicited text messages. There are no readily available and effective "spam" filters like those which consumers can use to protect themselves from unsolicited emails. The only real protection which consumers have from unsolicited text messages is through the vigorous enforcement of federal and state laws such as the TCPA, CEMA, and CPA.

## IV. CLASS ACTION ALLEGATIONS

121. Representative Plaintiff brings this class action on behalf of himself and as representative of the following class of persons (the "National Class A") entitled to injunctive relief and declaratory relief under federal law:

> All persons who reside in the United States or its territories and who have completed or may in the future complete CAR2GO's membership application process at CAR2GO's website.

122. National Class A includes at least ten thousand persons.

COMPLAINT
Page 12

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

123. Representative Plaintiff brings this class action on behalf of himself and as representative of the following persons (the "Washington Subclass A") who are entitled to injunctive relief and declaratory relief under Washington law:

> All persons who reside in Washington and who have completed or may in the future complete CAR2GO's membership application process at CAR2GO's website.

124. Washington Subclass A includes at least ten thousand persons.

125. Representative Plaintiff brings this class action on behalf of himself and as representative of the following class of persons (the "National Class B") entitled to remedies under federal law including damages:

> All persons who reside in the United States or its territories and who were sent a text message when completing CAR2GO's membership application process at CAR2GO's website.

126. CAR2GO sent text messages to at least ten thousand persons who reside in the United States when these persons were completing CAR2GO's membership application process at CAR2GO's website.

127. National Class B includes at least ten thousand persons.

128. Representative Plaintiff brings this class action on behalf of himself and as representative of the following persons (the "Washington Subclass B") who are entitled to remedies under Washington law including damages:

> All persons who reside in Washington and who were sent a text message when completing CAR2GO's membership application process at CAR2GO's website.

129. CAR2GO sent text messages to at least five thousand persons who reside in Washington when these persons were completing CAR2GO's membership application process at CAR2GO's website.

130. Washington Subclass B includes at least five thousand people.

131. Excluded from all class definitions are (a) any employees, officers, or directors of CAR2GO; (b) any attorney appearing in this action; and (c) any judge assigned to hear any aspect of this action.

COMPLAINT
Page 13

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

132. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy of representation and superiority requirements for class action certification pursuant to Federal Rule of Civil Procedure, Rules 23(a) and Rules 23(b)(1), 23(b)(2), and/or 23(b)(3) as referenced in this complaint and in accord with proof.

133. Defendant possesses personal data including names, mailing addresses, cellular telephone numbers, and email addresses for members of National Class A.

134. Defendant possesses personal data including names, mailing addresses, cellular telephone numbers, and email addresses for members of Washington Subclass A.

135. Defendant possesses personal data including names, mailing addresses, cellular telephone numbers, and email addresses for members of National Class B.

136. Defendant possesses personal data including names, mailing addresses, cellular telephone numbers, and email addresses for members of Washington Subclass B.

137. Joinder of the numerous class members in to an action is impracticable. In fact, given the number of class members, the only way to deliver substantial justice to all members of the class is by means of a single class action.

138. There are questions of fact and law common to the class. These common questions predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's conduct include, without limitation, the following:

    a. Does class members' submission of their membership application at CAR2GO's website constitute clear, affirmative, and unmistakably stated consent to be sent a text message as part of the application process?

    b. Does CAR2GO utilize an ATDS to send consumers text messages as part of CAR2GO's membership application process?

    c. Are the text messages sent by CAR2GO as part of its membership application process commercial text messages?

COMPLAINT
Page 14

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

   d. Does Defendant negligently, knowingly, and/or willfully cause violations of the TCPA when sending text messages as part of CAR2GO's website membership application process?

   e. Does Defendant negligently, knowingly, and/or willfully cause violations of Washington's CPA or CEMA when sending text messages as part of CAR2GO's website membership application process?

   f. What are the statutory damages that Defendant must pay for each of the unsolicited text messages sent to the Plaintiffs?

   g. Are Plaintiffs entitled to collect pre-judgment interest on the statutory damages which are now due from Defendant?

   h. Was Defendant the agent or alter ego of any other persons when it sent the unsolicited text messages to Plaintiffs?

 139. The questions referenced above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of Plaintiffs' claims.

 140. Representative Plaintiff's claims are typical of those of the class in that he was injured by the same membership application process that has injured or else will injure the other members of the class. The text message which Representative Plaintiff received in December 2012 is typical of the text messages that Defendant has sent and continues to send to other members of the class.

 141. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted in a general manner as part of a systemic process to the injury and damage of class members. Defendant continues this same conduct which puts other members of the class at undue risk of injury in the future. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish

COMPLAINT
Page 15

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

142. Representative Plaintiff is an adequate representative of the class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Representative Plaintiff. Also, Representative Plaintiff is represented by counsel with extensive, multi-jurisdictional experience representing clients in complex class action litigation.

143. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impractical and undesirable for each of the numerous persons who comprise the class to bring separate actions. The maintenance of such separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

144. If this action is not certified as a class action, then given the number of class members, the only way that the court system will not be overburdened by a multiplicity of suits over the subject matter of this complaint is if members of the class cannot or do not pursue an action against Defendants for reasons altogether unrelated to the merits of their claims (*e.g.*, challenges in accessing legal counsel, the mundane realities of surviving in a challenging economy, *et cetera*). Most Plaintiffs can obtain legal representation for their claims only through a class action. The only practical way to ensure that all members of the class are afforded an opportunity to obtain substantial justice with regard to the wrongs and injuries to which Defendant has inflicted or else will inflict upon them is to resolve the subject matter of this complaint through a class action.

COMPLAINT
Page 16

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

## V. FIRST COUNT
### Violations of Telephone Consumer Protection Act
*(Representative Plaintiff and the National Classes vs. Defendant)*

145. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs as if the same were alleged herein this count.

146. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the TCPA, 47 U.S.C. § 227.

147. Negligently, knowingly, and/or willfully, Defendant engaged in acts, omissions, and/or other conduct as referenced herein this complaint that violate the TCPA. Defendant used an ATDS to initiate thousands of unsolicited telephone calls to Plaintiffs' cellular telephone numbers. These telephone calls delivered unsolicited commercial text messages to the cellular telephones of Representative Plaintiff and the other Plaintiffs as referenced in this complaint.

148. Plaintiffs are entitled to recover $500 in damages from Defendant for each violation of the TCPA.

149. Additionally, Plaintiffs are entitled to all damages referenced herein and in accord with proof, attorneys' fees, costs, treble damages, and other remedies allowed by statute.

150. Defendant will continue its unlawful conduct in the future absent (a) a judicial declaration which clearly states the illegality of their conduct and (b) an injunction barring Defendant from engaging in such illegal conduct in the future.

## VI. SECOND COUNT
### Violations of the Washington Consumer Protection Act
*(Representative Plaintiff and the Washington Subclasses vs. Defendant)*

151. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs of this complaint as if the same were alleged herein this count.

152. At all times material to this complaint, Plaintiffs have been entitled to the rights, protections, and benefits provided under the Washington's CPA and CEMA.

153. As referenced in this complaint and in accord with proof to be presented at trial, Defendant's conduct has violated both Washington's CPA and CEMA.

COMPLAINT
Page 17

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

154. As referenced in this complaint and in accord with proof to be presented at trial, Defendant violated provisions of Washington's CEMA at RCW 19.190.060. Such statutory violations constitute *per se* violations of the Washington's CPA.

155. As referenced in this complaint and in accord with proof to be presented at trial, Defendant's conduct also constituted other violations of Washington's CPA.

156. As referenced in this complaint and in accord with proof to be presented at trial, Defendant engaged in unfair or deceptive acts and practices.

157. As referenced in this complaint and in accord with proof at trial, Defendant engaged in acts and practices to promote the sale of CAR2GO's car-sharing services and the leasing of CAR2GO's automobiles to consumers in Washington. These acts and practices occurred in the conduct of Defendant's trade and commerce in Washington. These acts and practices adversely affect the public interest of consumers in Washington.

158. As referenced in this complaint and in accord with proof to be presented at trial, Defendant injured Plaintiffs in their business or property.

159. Defendant's acts and practices as referenced herein and in accord with proof at trial were the proximate causes of these injuries.

160. Defendant negligently, knowingly, and/or willfully violated Washington's CPA.

161. For each of the Defendant's violations of the Washington law referenced in this complaint, Plaintiffs are entitled to recover from Defendant at least $500 in damages. Plaintiffs are also entitled to recover attorneys' fees, costs, treble damages, and other remedies allowed by RCW 19.86.10, *et seq.*, and any other applicable statutes.

162. Defendant will continue its unlawful conduct in the future absent (a) a judicial declaration which clearly states the illegality of its conduct and (b) an injunction barring Defendant from engaging in such illegal conduct in the future.

**VII. PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Representative Plaintiff demands judgment against Defendant and prays that this Court to do the following:

COMPLAINT
Page 18

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

A. Declare Defendant's wrongful conduct to be illegal.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, principals, agents, assigns, and all persons in active concert or participation with them, from engaging in their unlawful conduct, including without limitation the following: (a) Defendant should be barred from sending text messages to persons as part of CAR2GO's membership application process without first obtaining consent that is clear, unmistakable, and affirmatively stated; (b) Defendant should be barred from using any ATDS to send unsolicited text messages as part of its current membership application process in the United States and its territories; (c) Defendant should be barred from transmitting unsolicited commercial text messages to persons in Washington; and (d) Defendant should be barred from engaging in any other conduct that is an unfair, deceptive, or otherwise unlawful practice referenced in this complaint.

C. Order Defendant to make Representative Plaintiff and other class members whole by providing an award of compensatory, consequential, and/or statutory damages resulting from the unlawful conduct and practices described in the above paragraphs in amounts to be determined at trial, but in no event less than $500 for each violation of RCW 19.86.010, *et seq.*, RCW 19.190.010, *et seq.*, and 47 U.S.C. § 227.

D. Order Defendant to pay Representative Plaintiffs and the other class members punitive and/or treble damages to the fullest extent allowed by law, including but not limited to all punitive and/or treble damages for a knowing or willful violation of the TCPA and Washington's CPA.

E. Order Defendant to make Representative Plaintiff and the other class members whole by providing appropriate prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful conduct and practices.

F. Award Representative Plaintiff and the other class members the costs of this action, including attorneys' fees, as authorized by law and/or as sounds in tort, contract, or equity.

COMPLAINT
Page 19

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950

G.  Grant any additional or further relief as provided by law or equity which this Court finds appropriate, equitable, or just.

## VIII. JURY DEMAND

Representative Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED: March 18, 2013

*/s/ Albert H. Kirby*
Albert H. Kirby, WSBA #40187
**KIRBY LAW GROUP**
93 S. Jackson St. #63230
Seattle, WA 98104-2818
Tel: (206) 414-9950
Fax: (866) 845-6302
Email: ahkirby@kirby-legal.com

Counsel for Plaintiff

COMPLAINT
Page 20

KIRBY LAW GROUP
93 S. Jackson St. #63230
Seattle, WA 98104-2818
(206) 414-9950