HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC ADERHOLD,

            Plaintiff,

        v.

CAR2GO N.A., LLC,

            Defendant.

CASE NO. C13-489RAJ

ORDER

## I.  INTRODUCTION

This court issues this order to resolve a single issue that permeates the onslaught of pending motions in this case.  The court rules that Plaintiff Eric Aderhold's suit has not become moot by virtue of Defendant's offer of judgment.

## II.  BACKGROUND

Mr. Aderhold, a Seattleite, applied to become a car2go member in December 2012.  Car2go is a one-way local car-sharing service that Defendant car2go N.A., LLC provides.  In Seattle, for example, car2go provides hundreds of cars parked on city streets.  Any member can use a car to drive to any location within preset boundaries, paying car2go by the minute for the use of the car.  Once the member arrives at her destination, she simply leaves the car there, where another car2go member will ultimately use it to go to another destination.  Car2go operates not just in Seattle, but in at least five other cities across the United States.

ORDER – 1

When Mr. Aderhold applied for car2go membership, he provided his cellular telephone number.  Immediately after he submitted his application, he received a text message from car2go.  It asked him to enter a 6-digit activation code into an email that car2go had sent him.

Mr. Aderhold contends that by sending the text message, car2go violated the automated dialing restrictions of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), as well as the prohibition on unsolicited commercial text messages found in the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060.  He also claims a violation of the Washington Consumer Protection Act ("CPA") that derives at least in part from the alleged CEMA violation.

Mr. Aderhold hopes to pursue his claims not just on his own behalf, but on behalf of a nationwide class of car2go members and prospective members as well as a subclass of Washingtonians who use or will use car2go.

About a month after Mr. Aderhold sued, car2go made him an offer of judgment for $4501, plus his attorney fees and costs.  Car2go invoked Federal Rule of Civil Procedure 68.  Rule 68 permits a defendant to make an "offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68(a).  The offer remains open for 14 days.  *Id.*  If the plaintiff accepts it, the parties file it and the clerk enters judgment.  *Id.*  If the offer is not accepted, it is "considered withdrawn," although the defendant may extend a new offer.  Fed. R. Civ. P. 68(b).  If a plaintiff does not accept the offer, and ultimately recovers a judgment that is "not more favorable" than the offer of judgment, the plaintiff becomes liable for all costs the defendant incurred after making the offer.  Fed. R. Civ. P. 68(d).

According to car2go, its offer of judgment is more favorable than any judgment Mr. Aderhold could possibly obtain.  For purposes of this order, the court accepts car2go's assessment of its offer.

ORDER – 2

Mr. Aderhold nonetheless declined to accept the offer.  Car2go contends that his refusal to accept an offer that would afford him complete relief renders this case moot for lack of a case or controversy within the meaning of Article III of the United States Constitution.  Car2go thus asks the court to dismiss this case for lack of subject matter jurisdiction.

### III.  ANALYSIS

"[A]n unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot."  *Diaz v. First Am. Home Buyers Protection Corp.*, 732 F.3d 948, 954-55 (9th Cir. 2013).  The holding from *Diaz*, which the Ninth Circuit issued after the parties completed briefing on the motions before the court, is dispositive of car2go's challenge to the court's subject matter jurisdiction.

As car2go has noted, courts of appeals and "the majority of courts and commentators" have come to a different conclusion than the Ninth Circuit reached in *Diaz.*  732 F.3d at 952-53 & n.5 (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991), *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009), as well as similar decisions of the Third, Fourth, Fifth and Tenth Circuits along with leading civil procedure treatises).  The Supreme Court has expressly declined to resolve the question.  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528-29 (2013) ("While the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot, we do not reach this question, or resolve the split, because the issue is not properly before us.").  Four dissenting justices in *Genesis Healthcare*, however, would have reached the question, and would have held that an unaccepted Rule 68 offer, even one that affords complete relief, moots nothing.  *Id.* at 1534-35 (Kagan, J., dissenting).  It was the reasoning of Justice Kagan's dissent in *Genesis Healthcare* that the Ninth Circuit adopted in *Diaz.*  732 F.3d at 954 ("We are persuaded that Justice Kagan has articulated the correct approach.").

ORDER – 3

1    Justice Kagan's dissent and the *Diaz* panel articulated one exception to the rule

2    they articulated: a court "may have 'discretion to halt a lawsuit by entering judgment for

3    the plaintiff when the defendant unconditionally surrenders and only the plaintiff's

4    obstinacy or madness prevents her from accepting total victory.'"  *Diaz*, 732 F.3d at 955

5    (internal quotation to *Genesis Healthcare*, 133 S. Ct. at 1536.  But in *Diaz*, where the

6    plaintiff hoping to represent a class had rejected an offer more favorable than she could

7    have obtained on her *individual* claim, the court found the plaintiff insufficiently

8    obstinate or mad.  732 F.3d at 955.  The court reaches the same conclusion as to Mr.

9    Aderhold.[1]  The court notes, moreover, that although Mr. Aderhold filed a notice of

10   supplemental authority identifying *Diaz*, car2go did not request leave to file supplemental

11   briefing addressing that case.

## IV.   CONCLUSION

13   Car2go's unaccepted offer of judgment did not moot Mr. Aderhold's claims.  The

14   court has subject matter jurisdiction.

15   DATED this 27th day of February, 2014.

The Honorable Richard A. Jones
United States District Court Judge

---

[1] Mr. Aderhold asks the court to enforce literally Rule 68's declaration that "an unaccepted offer is not admissible except in a proceeding to determine costs."  Fed. R. Civ P. 68(b).  So far as the court is aware, every court to consider the legal effect of a fully favorable offer of judgment has declined to engage in such literal enforcement.  *See*, *e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1536 (2013) (Kagan, J., dissenting) (acknowledging Rule 68(b) but reaching question about impact of unaccepted-but-fully-favorable judgment nonetheless).  This court takes the same approach.

ORDER – 4