**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC ADERHOLD, on his own behalf and on behalf of other similarly situated persons,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>CAR2GO N.A. LLC,<br><br>        Defendant-Appellee. | No. 14-35208<br><br>D.C. No. 2:13-cv-00489-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 2, 2016[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and DAVIS,[***] Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Eric Aderhold appeals the district court's dismissal of his putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). Aderhold alleged that car2go N.A. LLC sent an automated commercial text message to his cellular phone as part of its registration process without his "prior express consent." The text message required Aderhold to enter a validation code on car2go's website in order to complete the registration process that Adherhold had initiated. We affirm the dismissal.

The Federal Communications Commission ("FCC") has determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Report and Order*, 7 FCC Rcd. 8752, 8769 (Oct. 16, 1992). Aderhold therefore consented to receiving text messages related to the application process from car2go simply by providing his phone number in the application for membership. Our opinion in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009), in which we held that "prior express consent" is "[c]onsent that is clearly and unmistakably stated," is not in conflict with the FCC's rulings. The district court lacked jurisdiction under the Hobbs Act, 28

U.S.C. § 2342, to depart from the FCC's view of the statute. *See U.S. W. Commc'ns, Inc. v. Jennings*, 304 F.3d 950, 958 n.2 (9th Cir. 2002).

We also affirm the district court's holding that the text message in question was not a "telemarketing" message. *See* 47 C.F.R. § 64.1200(f)(12). A message is characterized as "telemarketing" if it is issued "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." *Id.* We approach the question of the purpose of a message "with a measure of common sense." *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012). Car2go's message contains no content encouraging purchase of car2go services. The message was directed instead to completing the registration process initiated by Aderhold and to validating personal information. We follow the FCC's determination that such messages, "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements." *See In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (Apr. 5, 2006).

**AFFIRMED.**